IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAJID KHAN, *et al.*,<br>    *Petitioners*,<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br>    *Respondents*. | Civil Action No. 06-cv-1690 (RBW) |

## EXPEDITED MOTION FOR EMERGENCY ACCESS TO COUNSEL AND ENTRY OF AMENDED PROTECTIVE ORDER

PLEASE TAKE NOTICE that on such date as the Court shall determine, Petitioner, together with his Next Friend, by and through undersigned counsel, shall move on an expedited basis for an order for emergency access to counsel and the entry of the Amended Protective Orders as set forth in the accompanying Memorandum in Support of Petitioners' Motion.

Dated:  New York, New York.
        October 8, 2006

                                    Respectfully submitted,

                                    Counsel for Petitioners:

                                    By:

                                      /s/ _____
                                    Gitanjali S. Gutierrez
                                    CENTER FOR CONSTITUTIONAL RIGHTS
                                    666 Broadway
                                    New York, New York 10012
                                    (212) 614-6485

                                    *Counsel for Petitioner*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAJID KHAN, *et al.*,<br>    *Petitioners*,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br>    *Respondents*. | Civil Action No. 06-cv-1690 (RBW) |

**PETITIONERS' MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR EMERGENCY ACCESS TO COUNSEL AND ENTRY OF AMENDED PROTECTIVE ORDER**

Petitioner respectfully requests that the Court enter on an expedited basis the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, ("Amended Protective Order")[1] first issued on November 10, 2004 in the In re Guantánamo Bay Detainee Cases by then Coordinating Judge Joyce Hens Green and since entered in related *habeas* proceedings before this Court and the Courts of this District. See, e.g., Mohammon v. Bush, Civ. No. 05-2386, (RBW) (June 27, 2006) (Order); Nasrullah v. Bush, Civ. No. 05-891, (RBW) (June 12, 2006) (Order); Wahab v. Bush, Civ. No. 05-886, (EGS) (Jan. 10. 2006) (minute order).[2] Petitioner Majid Khan, by and through the undersigned counsel, seeks emergency access to counsel in light of his imprisonment in secret C.I.A. detention since on or around March 3, 2003. Counsel access is needed on an emergency

---

[1] The Amended Protective Order includes the following orders entered in In re Guantánamo Detainee Cases: Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 (D.D.C. 2004)); Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2005; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004.

[2] Pursuant to Local Civil Rule 7(m), the undersigned counsel for petitioners conferred with respondents' counsel regarding the relief sought in this motion. Respondents' counsel oppose the motion.

basis in order to assess his mental and physical health and/or injuries as a result of "enhanced interrogation techniques" used during his secret C.I.A. detention, including methods such as prolonged exposure to extreme temperatures leading to hypothermia, extreme noise and sensory stimulation, severe sleep deprivation, and physical violence.[3] Access to counsel is also necessary to ensure that Petitioner Khan receives appropriate mental and physical health services to recover from his treatment in secret C.I.A. detention and to assist counsel in the development of his habeas challenge to the legality of his detention. Respondents have intentionally disappeared and abused Petitioner Khan in a deliberate effort to escape judicial review and oversight of their unlawful conduct. Accordingly, for these reasons and any other reasons found by this Court, Petitioner Khan should be afforded prompt emergency access to counsel.

Petitioner Kahn is a citizen of Pakistan and a resident of the United States whom the United States granted asylum status in 1998. He has been held *incommunicado* in secret Central Intelligence Agency (CIA) detention and denied access to legal counsel, to his family, and to representatives from the International Committee of the Red Cross ("ICRC") since on or around March 5, 2003.[4] On or around September 4, 2006, Respondents transferred Petitioner Khan to the custody of the United States Department of Defense (DOD) at Guantánamo Bay Naval Station, Guantánamo Bay, Cuba ("Guantánamo"). Since his transfer to Guantánamo, Petitioner Khan has been denied and continues to be denied access to counsel in a purposeful effort by Respondents to obstruct Petitioner's access to legal procedures and to impede the administration of justice.

---

[3] See Petition for Habeas Corpus, ¶¶ 39, 42, 51-59.
[4] According to news reports, the ICRC was scheduled to meet with Petitioner Khan sometime in the past two weeks. Such meetings, if they occurred, will be Petitioner Khan's first communication with the outside world since his secret C.I.A. detention. Although the ICRC requested immediate access to Petitioner Khan, the DOD delayed ICRC access for approximately two weeks during Petitioner's "orientation" to Guantánamo. Assoc. Press, Suspected Terrorists in Guantanamo 'Orientation,' LA Times, Sept. 21, 2006. With each passing week, physical evidence of any mistreatment of Petitioner Khan, such as bruises, weight loss, etc., will disappear.

2

Petitioner Khan has a right to access to existing *pro bono* counsel, as affirmed in Al Odah, et al. v. Bush, et al, 346 F.Supp.2d 1, 11 n.12 (D.D.C. 2004) (observing that the Guantánamo detainees "have been afforded access to the court, which must necessarily be meaningful, and this meaningful access includes the opportunity to consult with counsel in private:"). See also Mohammon v. Bush, 05-2386 (RBW) (June 27, 2006) (Order), at 3. Moreover, Petitioner Khan's case does not involve issues of disputed identity, challenges to the next friend's standing, nor duplicate petitions upon behalf of a single petitioner that might delay entry of the Amended Protective Order. See Mohammon v. Bush, Civ. Action 05-2386 (RBW) (June 27, 2006) (Order).

The Respondents condition Petitioner's Khan right to access existing counsel upon entry of the Amended Protective Order, and undersigned counsel are prohibited from meeting with Petitioner until the Amended Protective Order is entered.[5] In the absence of an order by this Court, counsel are also prohibited from sending or receiving privileged legal mail from Petitioner and are therefore unable to initiate, let alone establish, a functioning attorney-client relationship. Entry of the Amended Protective Order would afford the undersigned counsel the opportunities provided counsel in other pending Guantánamo Bay detainee cases to visit petitioners at Guantánamo Bay and to send them privileged attorney-client mail by way of the legal mail procedures outlined in the Amended Protective Order.

Finally, to the extent that Respondents object to entry of the Amended Protective Order on the grounds that the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("DTA"), or any other law deprives this Court of jurisdiction to enter the Amended Protective Order, this argument has been raised and rejected. See, e.g., Mohammon v. Bush, Civ. Action No 05-2386 (RBW) (June 27, 2006) (Order), at 2 ("[Respondents'] willingness to

---

[5] Gitanjali S. Gutierrez, undersigned counsel for Petitioner Khan, currently holds security clearance in connection with her representation of prisoners at Guantánamo and travels frequently to Guantánamo to conduct attorney-client meetings. See, e.g., Adem v. Bush, et al., 425 F. Supp.2d 7, 14 n.14 (2006).

3

consent to entry of the protective orders in similar cases even after the DTA came into effect on December 30, 2005, undermines their contention that the Court cannot or ought not enter an order affording the petitioners access to their attorneys.").[6]

Petitioner Khan, held *incommunicado* for three and half years and currently denied access to means of communicating with the outside world, cannot pursue, investigate, or defend his Petition for Habeas Corpus without access to existing *pro bono* counsel.  See also, Mohammon v. Bush, Civ. Action No. 05-2386 (RBW) (Order), at 3 ("While seeking a stay in Nasrullah, the respondents noted that the Guantanamo Bay detainees 'are likely unfamiliar with United States law and the American legal system, typically do not speak or write English, and have access to the Court only through mail and not the Court's electronic filing system'.").  Moreover, Petitioner Khan may very well be suffering from the effect of the "enhanced interrogation techniques" used during his secret C.I.A. detention and require the assistance of counsel to develop his challenge to his detention.  As this Court noted in Mohammon, denying access to counsel to prisoners in Guantánamo "counsel therefore undermine the efficacy of the Great Writ of habeas corpus." Mohammon v. Bush, Civ. Action 05-2386 (June 27, 2006) (Order), at 3.

---

[6] See also Al-Sopai v. Bush, Civ. Action No. 05-1667 (RBW) (Jan. 4, 2006) (order); Khiali-Gul v. Bush, Civ. Action. No. 05-877 (JR) (Jan. 6, 2006) (order); Bostan v. Bush, Civ. Action No. 05-cv-883 (RBW) (Jan. 9, 2006) (order); Mohammad v. Bush, Civ. Action No. 05-879 (RBW) (Jan. 9, 2006) (order); Wahab v. Bush, Civ. Action No. 05-886 (EGS) (Jan. 10. 2006) (order); Labed Ahmed v. Bush, Civ. Action No. 05-1234 (EGS) (Mar. 2, 2006) (order); Almerfedi v. Bush, Civ. Action No. 05-1645 (PLF) (Mar. 6, 2006) (order); Razakah v. Bush, Civ. Action No. 05-2370 (EGS) (Mar. 17, 2006) (order); Thabid v. Bush, Civ. Action No. 05-2398 (ESH) (Mar. 21, 2006) (order); Ahmed v. Bush, Civ. Action No. 05-1234 (EGS) (Mar. 21, 2006) (order); Awad v. Bush, Civ. Action No. 05-2379 (JR) (Apr. 11, 2006) (order); Al Shareef v. Bush, Civ. Action No. 05-2458 (JR) (Apr. 12, 2006) (order); Alsaaei v. Bush, Civ. Action No. 05-2369 (JR) (Apr. 12, 2006) (order); Said v. Bush, Civ. Action No. 05-2384 (JR) (Apr. 12, 2006) (order); Zadran v. Bush, Civ. Action No. 05-2367 (JR) (Apr. 12, 2006) (order); Al Salami v. Bush, Civ. Action No. 05-2452 (PLF) (Apr. 14, 2006) (order); Faizullah v. Bush, Civ. Action No. 05-01489 (RMU) (Apr. 21, 2006) (order); Sohail v. Bush, Civ. Action No. 05-993 (RMU) (Apr. 21, 2006) (order); Al-Ghizzawi v. Bush, Civ. Action No. 05-2378 (JDB) (June 2, 2006) (order); Amon v. Bush, Civ. Action No. 05-1493 (RBW) (June 6, 2006) (order); Nasrullah v. Bush, Civ. Action No. 05-891 (RBW) (June 12, 2006) (order); Al-Khalaqi v. Bush, Civ. Action No. 05-999 (RBW) (June 15, 2006) (order); Haleem v. Bush, Civ. Action No. 05-2376 (RBW) (June 30, 2006) (order); Al Darby v. Bush, Civ. Action No. 05-2371 (RCL) (July 3, 2006) (order); Al Harbi v. Bush, Civ. Action No. 05-2479 (HHK) (July 5, 2006) (order); Muhibullah v. Bush, Civ. Action No. 05-884 (RMC) (Aug. 1, 2006) (order); Nabil v. Bush, Civ. Action No. 05-1504 (RMC) (Aug. 1, 2006) (order); Aboassy et al v. Bush, Civ. Action No. 05-0748 (RMC) (Aug. 1, 2006) (order); Al-Baidany v. Bush, Civ. Action No. 05-2380 (CKK) (Oct. 4, 2006) (CKK).

4

Accordingly, on an expedited basis, this Court should order Respondents to afford Petitioner Khan emergency access to counsel and order entry of the Amended Protective Order. A proposed Order is attached as Exhibit A. Although Petitioners are moving for entry of the Amended Protective Order, they reserve the right to challenge or seek modification of any particular terms of the Protective Order in the future, and to ask this Court to review any designation made by respondents of particular information as "protected," as may be appropriate.

Dated: October 8, 2006

Respectfully submitted,

Counsel for Petitioners:

  /s/
Gitanjali S. Gutierrez

Michael Ratner
William Goodman
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway
New York, New York 10012

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAJID KHAN,<br>    *Petitioner*,<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br>    *Respondents*. | Civil Action No. 06-cv-1690 (RBW) |

### [PROPOSED] PROTECTIVE ORDER

Upon consideration of the Expedited Motion for Emergency Access to Counsel and Entry of the Protective Order, it is

ORDERED that the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 (D.D.C. 2004)), the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004, and the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004, in the *In re Guantanamo Bay Detainee Cases* shall be entered in this case; and further,

ORDERED that Respondents afford Petitioner access to counsel promptly.

DATED:_____     _____
                          Reggie B. Walton
                          United States District Judge