UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAJID KHAN, et al., )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>GEORGE WALKER BUSH, <u>et al.</u>, )<br>)<br>Respondents. )<br>) | Civil Action No: 06-1690 (RBW) |

## <u>ORDER</u>

Currently before the Court is Gitanjali S. Gutierrez, Esquire's Expedited Motion for Emergency Access to Counsel and Entry of Amended Protective Order (" Petitioner's Motion for Emergency Access and Protective Order"). Gitanjali S. Gutierrez, putative counsel for Majid Khan ("Khan"), requests that the Court grant her access to Khan at the United States Naval Base in Guantanamo Bay, Cuba. Because of Khan's alleged imprisonment in secret Central Intelligence Agency ("CIA") detention since on or about March 3, 2003, Ms. Gutierrez asserts that putative counsel's access to Khan is needed on an emergency basis in order to assess his mental and physical health or injuries as a result of "enhanced interrogation techniques" purportedly used during his secret CIA detention. Petitioner's Motion for Emergency Access and Protective Order at 2. Further, Ms. Guiterrez asserts that Khan's access to counsel is also necessary to ensure that Khan receives appropriate mental and physical health services to recover from his alleged treatment while in secret CIA detention and to assist putative counsel in the development of his habeas petition challenging the legality of his detention. <u>Id.</u> In addition, Ms.

Gutierrez requests that the Court enters on an expedited basis the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba ("Amended Protective Order") first issued on November 8, 2004 in In re Guantanamo Detainee Cases, 344 F.Supp.2d 174 (D.D.C. 2004) by then coordinating Judge Joyce Green and since entered in related habeas proceedings before this Court.  See, e.g., Mohammon v. Bush, Civ. No. 05-2386, (RBW) (June 27, 2006) (Order); Nasrullah v. Bush, Civ. No. 05-891, (RBW) (June 12, 2006) (Order); Petitioner's Motion for Emergency Access and Protective Order at 1. Ms. Gutierrez asserts that entry of the Amended Protective Order would afford putative counsel the opportunities provided to counsel in other pending Guantanamo Bay detainee cases, including authorization to visit Khan at Guantanamo Bay and to send him privileged attorney-client mail by way of the legal mail procedures outlined in the Amended Protective Order.  Id. at 3.

In response to Petitioner's Motion for Emergency Access and Protective Order, the respondents contend that the petition in this matter is defective and cannot serve as a basis for the relief requested by putative counsel because it is neither signed nor verified by the next friend as required by 28 U.S.C. §2242.  Respondents' Memorandum In Opposition to Petitioners' Motion for Emergency Access to Counsel and Entry of Amended Protective Order ("Respondents' Opp.'n Mem") at 8.  This defect has now been remedied.[1]  Further, the respondents assert that this Court lacks jurisdiction over this matter pursuant to the Detainee Treatment Act of 2005

---

[1] Ms. Gutierrez and Rabia Khan, the wife and next friend for petitioner Khan, have remedied the petition for a writ of habeas corpus and it now complies with 28 U.S.C. § 2242. Petitioners' Additional Attachment filed November 3, 2006.

("DTA")[2], Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (10 U.S.C. §801 note) and Military Commission Act of 2006 ("MCA")[3], Pub. L. No. 109-___.  Id. at 8-11.  The respondents also contend that entry of the protective order requested by putative counsel on behalf of Khan would be inappropriate because, "the protective order regime applicable in many other Guantanamo cases contemplates issues associated with the handling of information classified no higher than SECRET, while counsel access in this case will require appropriate provisions and protections to govern information potentially classified at the TOP SECRET//SCI level, by virtue of Khan's prior detention and involvement in the CIA's still highly classified high-value terrorist detainee program."  Id. at 14-15.

In light of the newly enacted legislation, the District of Columbia Circuit has ordered the parties in certain pending Guantanamo detainee appeals, Boumediene v. Bush, No. 05-0562 (D.C. Cir.) and Al Odah v. United States, No. 05-5064 (D.C. Cir.), to submit supplemental briefings by November 20, 2006, addressing the impact of the MCA.  Thus, upon consideration

---

[2] The DTA amended the habeas statute, 28 U.S.C. §2241, to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) a habeas petition filed by an alien detained by the Department of Defense at Guantanamo, or (2) "any other action against the United States or its agents relating to any aspect of the detention" of such aliens.  See DTA §1005(e)(1).

[3] The MCA recently amended 28 U.S.C. § 2241 and now provides that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions "filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination," or (2) "any other action against the United States or its agents relating to any aspect of detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination," except as provided in sections 1005(e)(2) and (e)(3) of the DTA.  See MCA Pub. L. No. 109-___, § 7(a).  The MCA became law on October 17, 2006.

of the pleadings, the supporting memoranda submitted by the parties, and the issue of whether this Court has jurisdiction under the DTA and MCA currently pending before the District of Columbia Circuit, it is hereby this 17th day of November, 2006

**ORDERED** that because of the issue of whether this Court has jurisdiction to entertain the habeas petition filed by putative counsel is pending review by the District of Columbia Circuit, putative counsel's Expedited Motion for Emergency Access to Counsel and Entry of Amended Protective Order on behalf of Khan is **DENIED** without prejudice.[4]

**SO ORDERED**.

REGGIE B. WALTON
United States District Judge

---

[4] While awaiting the District of Columbia Circuit's decision, the Court encourages the respondents to medically evaluate Khan to assess his mental and physical health, if this has not already been done, and to file with this Court a report of his condition and whether he is in need of and is receiving treatment for any physical or mental conditions, so that this information can be made available to putative counsel and Khan's family. Until the jurisdictional question is resolved, this recommendation can not be ordered by the Court.