IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAJID KHAN, *et al.*,<br>    *Petitioners*,<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br>    *Respondents*. | Civil Action No. 06-cv-1690 (RBW) |

**OPPOSITION TO RESPONDENTS' MOTION FOR AN EXTENSION OF TIME**

Respondents seek an extension of time to respond to Petitioners' Expedited Motion for Reconsideration of the Court's November 17, 2006 Order dismissing without prejudice Petitioner's Motion for Emergency Access to Counsel and Entry of the Protective Order, or alternatively Petitioner's Renewed Expedited Motion for Emergency Access to Counsel and Entry of the Amended Protective Order. Respondents request an extension of eight (8) days in light of holiday schedules and "to permit, potentially, submission of appropriate declaration(s)."

Respondents' Motion for Extension of Time should be denied and Petitioner's efforts to seek access to counsel should not be delayed any further for the following reasons:

1. The United States government has had custody of Petitioner Majid Khan ("Khan") since on or around early 2003.

2. Respondents and other U.S. officials subjected Khan to multiple interrogations over nearly four years using "enhanced" interrogation techniques.

3. Upon his transfer to Guantánamo Bay Naval Station ("GTMO") on September 6, 2006, well over three months ago, Respondents publicly announced that Khan

  underwent a thirty-day "orientation" period. Respondents also claimed that health personnel at GTMO gave Khan a health examination. See ¶ 11.

4. Respondents have stated publicly that Khan will continue to be subject to interrogations, possibly by agencies other than the Department of Defense.[1]

5. Respondents have described to the media in some detail their preparations for Khan's future Combatant Status Review Tribunal (CSRT), conducting "mock hearings" open to news reporters. See infra note 4.

6. Respondents continue to state that Khan will be subject to a military commission.

7. On October 8, 2006, Khan moved on an expedited basis for access to counsel and entry of the Amended Protective Order. Respondents opposed the motion, arguing that the Military Commission Act of 2006 divested the Court of jurisdiction, and that the Amended Protective Order did not provide for habeas counsel's access to top secret//sensitive compartmented information. Respondents also argued that because Khan was held in secret Central Intelligence Agency (CIA) detention and subjected to "enhanced" interrogation techniques, he may have come into possession of top secret//sensitive compartmented information. The Respondents then invoked the fact of his unlawful imprisonment and interrogation as justification for indefinitely delaying his access to counsel.

8. Khan replied on November 3, 2006, by asserting the Court's jurisdiction to determine its jurisdiction and arguing that no valid reason existed to justify any delay in Khan's access to counsel. Khan argued that the Executive was misusing its classification authority to conceal illegal or embarrassing conduct, and that

---

[1] See, e.g., Assoc. Press, Terrorist Suspects Arrive at Guantanamo, Sept. 7, 2006, available at http://www.ewsmax.com/archives/articles/2006/9/7/130326.shtml>.

2

      even if highly classified information arose in this case, the Amended Protective Order explicitly contemplated habeas counsel having access to top secret//sensitive compartmented information.

9. The Court denied Khan's motion without prejudice on November 17, 2006. In its Order the Court recommended that the Respondents file a report with the Court notifying counsel and Khan's family of his health status and treatment, if any.

10. On December 7, 2006, Khan moved on an expedited basis for reconsideration of the Court's November 17, 2006 Order. Khan argued that the Court has existing jurisdiction over this case and authority to issues orders; that Respondents misrepresented the scope and nature of the Amended Protective Order; and, most importantly, that expedited consideration and immediate counsel access for Khan is critical before further deterioration of his health precludes his ability to assist in his own defense and representation.

11. Respondents now seek to delay consideration of this motion, in part to allow for the possible preparation of additional declarations. Yet, Khan has been in their custody for over three years; he has already undergone health evaluations[2] and a thirty-day "orientation" period[3] according to news accounts; and Respondents

---

[2] See, e.g., Kathleen T. Rhem, 14 High-Level Terrorists Processed Into Guantanamo Bay. Am. Forces Press Serv., Sept. 7, 2006, available at http://www.globalsecurity.org/security/library/news/2006/09/sec-060907-afps02.htm (stating that the prisoners were given medical and dental examinations and quoting Navy Rear Adm. Harry B. Harris as stating that the 14 new prisoners "all appeared to be in good condition").

[3] See, e.g., Gitmo Says Orientation for 14 Under Way, Townhall.com, Sept. 20, 2006, available at http://www.townhall.com/News/NewsArticle.aspx?ContentGuid=c2bc524f-8d26-49ec-8f49-65cd02c0bdbd (noting that the International Committee of the Red Cross was not permitted to meet with any of the fourteen new prisoners until GTMO had completed its "orientation" program with them).

continue to state to the media that they are preparing various proceedings against Khan while simultaneously denying him access to his existing counsel.[4]

12. Respondents have had ample time to question Khan. Any further delay to address the administrative issue of preparing a declaration is unwarranted in comparison to the grave, and potentially irreparable, harm being done each day to Khan's ability to assist in his own defense and establish a trusting attorney-client relationship.

13. To the extent that Respondents seek to submit declarations specifically in response to Khan's request for an immediate mental and physical health examination by <u>independent</u> health professionals, Respondents have previously litigated this issue in several cases.[5] If the Respondents seek to update their legal arguments, the resources of the U.S. government should allow for a timely response to Khan's Expedited Motion for Reconsideration. Further, if Respondents wish to submit a declaration with individualized facts concerning Khan's health condition, they have claimed in news accounts that a thorough health examination was conducted in September 2006 and have been aware of the Court's recommendation on this issue for over a month.

---

[4] See, e.g., Michael Melia, U.S. Military Rehearses Terror Hearings, Wash. Post, Dec. 17, 2006, available at http://www.washingtonpost.com/wp-dyn/content/article/2006/12/17/AR2006121700462.html (stating that the military is "rehearsing" Combatant Status Review Tribunals (CSRTs) for the 14 prisoners recently transferred to GTMO, including Khan, and that the CSRTs have been pushed back from December 2006 to potentially early 2007); Stephen Kauffman, Bush Says High Level Detainees Will Face Fair Military Trial, Wash. File, Sept. 6, 2006, available at http://usinfo.state.gov/xarchives/display.html?p=washfile-english&y=2006&m=September&x= 20060906171819eaifas7.320583e-03 (describing how the fourteen prisoners transferred to GTMO will undergo military commissions).

[5] See, e.g., Khadr v. Bush, Civ. Action No. 04-1136, Order (Oct. 26, 2004) (dkt. no. 43); El-Banna v. Bush, Civ. Action No. 04-1144, Resp Mem. Opp. Mot. (Aug. 18, 2004) (dkt. no. 21).

4

14. Khan seeks expedited consideration of his motion because each passing day further jeopardizes his ability to pursue his legal rights and establish a trusting and meaningful attorney-client relationship.

15. Khan has a right to consult with existing counsel in order to direct litigation decisions and provide relevant factual information as much as he is capable of doing so, including with respect to litigation over jurisdictional questions.

16. The undersigned counsel continues to conduct attorney-client meetings with other clients at GTMO and should not be barred or delayed from meeting with Khan during these visits.

17. Accordingly, Respondents' Motion for an Extension of Time to submit their opposition should be denied and Khan's motion should be addressed on an expedited basis.

Dated:  December 19, 2006

        Respectfully submitted,

        Counsel for Petitioners:

          /s/ Gitanjali S. Gutierrez

        Gitanjali S. Gutierrez
        Michael Ratner
        William Goodman
        CENTER FOR CONSTITUTIONAL RIGHTS
        666 Broadway
        New York, New York 10012
        (212) 614-6485