IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAJID KHAN, *et al.* )<br><br>Petitioners, )<br><br>v. )<br><br>GEORGE W. BUSH, )<br>President of the United States, )<br>*et al.,* )<br><br>Respondents. ) | Civil Action No. 06-CV-1690 (RBW) |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO
PETITIONERS' RENEWED EXPEDITED MOTION FOR EMERGENCY
ACCESS TO COUNSEL AND ENTRY OF AMENDED PROTECTIVE ORDER**

Respondents hereby oppose petitioners' motion (dkt. no. 29) ("Petrs' Mot.") seeking, for

now the second time, reconsideration of this Court's November 17, 2006 Order (dkt. no. 11)

("Nov. 17 Order"), which denied petitioners' prior expedited motion for emergency access to

counsel and for entry of a protective order (dkt. no. 2).  This Court denied petitioners' original

request because the issue of whether the Military Commissions Act of 2006, Pub. L. No. 109-133

("MCA"), divested this Court of jurisdiction to review *habeas corpus* petitions on behalf of

Guantanamo Bay detainees, such as petitioner, was then pending review in the Court of Appeals

for the District of Columbia Circuit.  *See* Nov. 17 Order.  On the same ground, the Court denied

a motion by petitioners to reconsider the Nov. 17, Order.  *See* Jan. 31, 2007 Order (dkt. no. 18).

The only new pertinent developments since those denials are that (1) the Court of Appeals held

in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. denied*, 127 S. Ct. 1478, that the

MCA indeed specifically divests this Court of jurisdiction to review *habeas* petitions brought by

aliens detained at Guantanamo Bay and that such a result is consistent with the Suspension

Clause of the Constitution, and (2) petitioner received his Department of Defense Combatant

Status Review Tribunal ("CSRT") hearing in April 2007 and, thus, is much closer to receiving a

final CSRT determination, which if adverse to petitioner, is subject to review in the Court of

Appeals.  *See* Petrs' Opp. to Resps' Motion to Dismiss (dkt. no. 21) at 13 n.7; *see also* MCA

§ 7(a)(1) (limiting federal district court habeas jurisdiction over habeas petitions filed by or on

behalf of an alien detained by the United States who has received or is awaiting his CSRT

determination).  Those developments, however, do not warrant reconsideration of the Court's

prior denial of petitioners' motions for counsel access, as petitioners seek.  Rather, the decision

in *Boumediene* requires dismissal of this case, as explained in the briefing on respondents'

motion to dismiss.  *See* dkt. nos. 19, 24.  Petitioners' arguments for reconsideration of the prior

denial of the access motions are without merit and should be rejected.  As respondents have

noted before, any appropriate regime for counsel access should be entered by a forum court that,

consistent with the MCA, has jurisdiction to do so, that is, by the Court of Appeals in the context

of a jurisdictionally appropriate case brought in that court on behalf of petitioner.

## BACKGROUND

This *habeas* petition, filed by a next friend on behalf of Mr. Khan, was filed on

September 29, 2006.  *See* dkt. no. 1.  Shortly thereafter, petitioners moved for counsel access

and entry of the protective order governing such access that had been used in other Guantanamo

detainee cases.  *See* dkt. no. 2.  Respondents opposed petitioners' motion, noting that the MCA

divested the district courts of habeas jurisdiction over all habeas petitions filed by or on behalf of

alien detainees who have been determined by the United States to be enemy combatants or are

awaiting such determination, including the petitioner.[1]  *See* Resps' Opp. to Mot. for Access at 8-
14 (dkt. no. 6).  Respondents also pointed out that entry of the protective order and counsel
access regime used in other Guantanamo *habeas* cases would be inappropriate and improper
given the unique circumstances of Mr. Khan and his prior custody as part of a special, limited
program operated by the Central Intelligence Agency to capture; detain (in secret, off-shore
facilities); and interrogate key terrorist leaders and operatives in order to help prevent terrorist
attacks.  *See id.* at 14-21.  Such circumstances require appropriate provisions and protections to
govern information potentially classified at the TOP SECRET//SCI level, by virtue of Khan's
prior detention and involvement in the CIA's still highly classified program, while the protective
order regime applicable in many other Guantanamo cases contemplates issues associated with the
handling of information classified no higher than SECRET.   *See id.*

　　　　Petitioners, on the other hand, doubted the MCA's constitutionality and argued that
unlike other Guantanamo detainees, Khan has no judicial forum in which to challenge the
legality of his detention because he had not yet had a CSRT, the final determination of which
would be appealable to the Court of Appeals for the District of Columbia Circuit under the

---

[1] Section 7(a) of the MCA provides that "[n]o court, justice, or judge shall have
jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the United States
determined to be enemy combatants or awaiting such a status determination, or (2) any other
action "relating to any aspect of the detention, transfer, treatment, trial, or conditions of
confinement" of aliens who are or were so detained, except for the exclusive review mechanism
in the Court of Appeals created under the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No.
109-148, Tit. X, for addressing the validity of the detention of such aliens.  *See* DTA
§ 1005(e)(2) (as amended by MCA §§ 9-10) (D.C. Circuit "shall have exclusive jurisdiction to
determine the validity of any final decision of a Combatant Status Review Tribunal that an alien
is properly detained as an enemy combatant").

Detainee Treatment Act of 2005 ("DTA").  *See* Petrs' Corrected Reply in Support of Expedited Mot. for Counsel Access at 3-5 (dkt. no. 10).

In its November 17, 2006 Order, the Court denied petitioners' motion without prejudice because the Court of Appeals was considering the jurisdictional issue, *i.e.*, the effect and constitutionality of the MCA, in the appeals of other Guantanamo Bay detainees' habeas cases. *See* Nov. 17 Order at 4.

On December 7, 2006, petitioners moved for reconsideration of the Nov. 17 Order or, in the alternative, for counsel access and entry of a protective order, raising essentially the same arguments they had raised before.  *See* dkt. no. 12.  Respondents opposed, and on January 31, 2007, in this and other Guantanamo *habeas* cases pending before the Court, the Court denied all motions without prejudice pending resolution of the jurisdictional issue by the Court of Appeals. *See* dkt. no. 18.

Then, on February 20, 2007, the Court of Appeals issued its decision in *Boumediene* holding that the MCA specifically divests this Court of jurisdiction to review *habeas* petitions brought by aliens detained at Guantanamo Bay and that the statute is consistent with the Constitution because "aliens held at an overseas military base leased from a foreign government" do not have Suspension Clause rights under the Constitution.  *See* 476 F.3d at 986-94.  In light of *Boumediene*, respondents moved to dismiss the Guantanamo detainee *habeas* cases pending in this Court for lack of jurisdiction, including this case.  *See* dkt. no. 19.   That motion remains pending.

Petitioner has now moved, for the third time, for counsel access and entry of a protective order.  *See* dkt. no. 29.

**ARGUMENT**

**I.     PETITIONERS HAVE FAILED TO MEET THE STANDARD FOR RECONSIDERATION OF THIS COURT'S INTERLOCUTORY ORDERS TWICE DENYING PETITIONERS' PRIOR MOTIONS FOR ACCESS**

**A.     Rule 54(b) Reconsideration Standard**

While petitioners do not style it as such, their current motion amounts to nothing other than a motion for reconsideration of the Court's denials of their two prior motions for access and entry of a protective order.  Petitioners' motion, however, is devoid of any discussion of the legal standard applicable to a motion for reconsideration of an interlocutory order under FED. R. CIV. P. 54(b).  The Supreme Court has admonished that "as a rule courts should be loathe to [revisit their prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (internal quotation marks and citation omitted) (commenting on law of the case doctrine); *see Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.,* 217 F.R.D. 235, 237 (D.D.C. 2003) (Friedman, J.) (quoting *Christianson*, 486 U.S. at 817, and denying Rule 54(b) motion).  Thus, this Court has held that a Rule 54(b) reconsideration motion is appropriate only where "justice requires" it, s*ee Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (Lamberth, J.); *Cobell v. Norton*, 355 F. Supp.2d 531, 539 (D.D.C. 2005) (Lamberth, J.); *APCC Servs. v. AT&T,* 281 F. Supp. 2d 41, 44 (D.D.C. 2003) (Huvelle, J.), *rev'd on other grounds*, 418 F. 3d 1238 (D.C. Cir. 2005); *Campbell v. United States Dep't of Justice,* 231 F. Supp. 2d 1, 7 (D.D.C. 2002) (Urbina, J.); *M.K. v. Tenet,* 196 F. Supp. 2d 8, 12 (D.D.C. 2001) (Urbina, J.); *Childers v. Slater,* 197 F.R.D. 185, 190 (D.D.C. 2000) (Urbina, J.), such as "when the court has patently misunderstood a party, has

- 5 -

made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Singh*, 383 F. Supp. 2d at 101 (citations and internal quotation marks omitted).

Because "the district court's discretion to reconsider a non-final ruling is . . . subject to the caveat that where litigants have once battled for the court's decision, they should not be required, nor without good reason permitted, to battle for it again," *Singh*, 383 F. Supp. 2d at 101 (internal quotation marks and citation omitted), "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might *reasonably be expected to alter the conclusion reached by the court.*" *Cobell,* 355 F. Supp. 2d at 539 (D.D.C. 2005) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)) (emphasis in original); *see also Keystone Tobacco Co., Inc.,* 217 F.R.D. at 237 (denying Rule 54(b) reconsideration motion because the movant failed to demonstrate "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order") (internal citation and quotation omitted).

As discussed below, petitioners have failed to meet this standard.

**B.  No Basis Exists to Reconsider This Court's Prior Rulings on Petitioners' Motions**

The development most pertinent to this case since the last denial of petitioners' motion for access and a protective order is the Court of Appeals' ruling in *Boumediene*.  That ruling hardly justifies petitioners' third motion to the Court for the relief they seek; rather, it compels that petitioners' motion be denied.  Indeed, as more fully explained in the briefing on

respondents' motion to dismiss this case, this case should be dismissed.  *Boumediene* has held that the MCA plainly applies to withdraw District Court jurisdiction in cases filed on behalf of aliens detained overseas as enemy combatants or awaiting a determination of their enemy combatant status, and that such withdrawal of jurisdiction over pending cases does not violate the Suspension Clause because the alien detainees held at Guantanamo have no constitutional rights, including any constitutional right to seek habeas review.  *See* 476 F.3d at 986-88; *id.* at 990-91 (Suspension Clause does not apply to "aliens held at an overseas military base leased from a foreign government"); *id.* at 994 ("Federal courts have no jurisdiction in these cases.").[2]
Petitioner falls within the holdings of *Boumediene*:  he is held outside the sovereign territory of the United States and is neither a citizen nor even a legal permanent resident of the United States.  Despite his once having been granted asylum by the United States, it is undisputed that petitioner is an alien who is no longer present in the country, having voluntarily left the United States and been captured in a foreign country and thereafter detained entirely outside United States sovereign territory.  *See* Resps' Reply in Support of Motion to Dismiss at 3-11 (dkt. no. 24).  As an asylee, once petitioner left the country, his status became no different from that of any other alien outside of the United States for purposes of invoking constitutional protections under the

_____

[2] Petitioners in some of the Guantanamo *habeas* cases have suggested that this Court should ignore the holding of *Boumediene* because the petitioners in *Boumediene* have sought reconsideration of the Supreme Court's denial of *certiorari*, and the Court has asked for the government's response to that motion.  Such a contention is entirely without merit.  In *Ayuda, Inc. v. Thornburgh*, 919 F.2d 153, 154 (D.C. Cir. 1990), Judge Henderson, concurring, noted that the Court of Appeals itself was bound by a decision issued by a panel of that court even if a petition for *certiorari* was pending.  As Judge Henderson said, "[u]nless and until *Ayuda* is reversed or overruled by the United States Supreme Court or by this court *en banc*, *Ayuda* remains the law of this circuit and no amount of hardship the appellees may suffer as a consequence can confer jurisdiction on the district court."  *Id.* at 154.  *See also Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (same).

Suspension Clause. *Id*. (discussing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212-15 (1953), which held that alien excluded from United States and detained on Ellis Island was not entitled to constitutional rights).[3] *Boumediene* thus requires that this case be dismissed.

Petitioners argue that there are "factual gaps in the record relevant to the question of this Court's jurisdiction" – "gaps" that petitioners do not specify – that warrant this Court ordering immediate counsel access. *See* Petrs' Mot. at 4-5. As explained in the briefing on the motion to dismiss, however, no factual development is needed regarding the jurisdictional issue. The facts material to the jurisdictional argument – *i.e.*, that petitioner is an alien who once obtained asylee status and then voluntarily left this country, that he was subsequently captured in a foreign country, and that he was thereafter continuously detained outside the sovereign territory of the United States – are not in dispute.[4] Further, in the briefing on the motion to dismiss, respondents demonstrated that petitioner's alleged ownership of property in the United States did not give rise to a right to *habeas* relief under the Suspension Clause or otherwise affect the jurisdictional

_____

[3] Because Khan is outside the sovereign territory of the United States, the recent decision of a panel of the Fourth Circuit concluding that aliens residing in the United States with substantial connections here are entitled to Fifth Amendment due process rights with respect to their detention as enemy combatants, has no bearing on this case. *See Al-Marri v. Wright*, No. 06-7427, 2007 WL 1663712 at *16 n.10 (4th Cir. Jun. 11, 2007) (petitioner's capture and detention in the United States "establish that, as an alien lawfully residing in this country, he is protected by the Due Process Clause").

[4] Respondents only extra-pleading submission in connection with the briefing on the motion to dismiss is consistent with petitioners' allegations. *See* Resps' Reply in Support of Motion to Dismiss at 3-4 n.2. In any event, while that submission bolsters respondents' position on their Motion to Dismiss, that motion would have to be granted even without it. The core holding of *Boumediene* – that this Court lacks jurisdiction over a *habeas* petition filed on behalf of an alien held at Guantanamo Bay who either has had a CSRT determine his status or is awaiting such a determination – would clearly require dismissal even in the absence of the facts in the declaration submitted by respondents.

issue.  As explained in that briefing, the *Boumediene* Court did not hold that any property held in the United States entitles a detainee to Suspension Clause protection.  *See* Resps' Reply in Support of Motion to Dismiss at 11-13.  And here, petitioner's property interest (whatever that may be) has nothing to do with his claim of constitutional protection under the Suspension Clause while outside the United States.  It is the seizure of his person at issue in this case; petitioners' property is not at issue.  *See id.*  Were petitioner currently present in the United States, then a property interest here might not be as clearly irrelevant to a claim of entitlement to constitutional rights, but he is not present here, and thus, that he may have some property here is of no moment to the jurisdictional issue in this *habeas* context.  *See id.*  Accordingly, there are no "factual gaps" in the record pertaining to the jurisdictional issue justifying the relief sought by petitioners.

At bottom, the same reasons that supported the Court's decisions denying petitioners' two prior motions for access and entry of a protective order require that petitioners' current motion also be denied.  As held in *Boumediene*, the MCA has divested this Court of jurisdiction over *habeas* petitions filed by or on behalf of alien detainees held at Guantanamo who have been determined by the United States to be enemy combatants or are awaiting such determination.  Providing the relief requested by petitioners would be inconsistent with the complete absence of jurisdiction of this Court over the case.[5]  Further, petitioners' requested entry of the standard Guantanamo *habeas* protective order is inconsistent with the need for a protective order

---

[5] *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Without jurisdiction [a] court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

containing appropriate provisions and protections to govern information potentially classified at

the TOP SECRET//SCI level, by virtue of Khan's prior detention and involvement in the CIA's

still highly classified program.  Any such regime, however, must be developed or entered only by

a forum court that, consistent with MCA, has jurisdiction, *i.e.*, by the Court of Appeals in the

context of a jurisdictionally appropriate DTA petition on behalf of Khan.[6]

## CONCLUSION

For the foregoing reasons, petitioners' third expedited motion for emergency access to

counsel and entry of an amended protective order and second motion for reconsideration of this

Court's November 17, 2005 Order, should be denied.

Dated: June 21, 2007                     Respectfully submitted,

                                         PETER D. KEISLER
                                         Assistant Attorney General

                                         DOUGLAS N. LETTER
                                         Terrorism Litigation Counsel

                                         [*signature block continued on next page*]

---

[6] As noted *supra*, Khan received his CSRT hearing in April 2007 and is awaiting a final determination of the CSRT, which, if adverse to Khan, can be challenged through a DTA petition filed in the Court of Appeals.  In the meantime, as petitioners' counsel acknowledge, Petrs' Mot. at 4 n.7 & Ex. B, Attachment 2, communications with Khan are possible through the regular, non-legal mail system for Guantanamo detainees.

_/s/ Terry M. Henry_
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
JEAN LIN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MAJID KHAN, *et al.* | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-CV-1690 (RBW) |
| | ) | |
| GEORGE W. BUSH, | ) | |
| President of the United States, | ) | |
| *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**O R D E R**

Petitioners' Renewed Expedited Motion for Emergency Access to Counsel and Entry of

Amended Protective Order (dkt. no. 29), is hereby DENIED.

IT IS SO ORDERED.

DATED: _____

_____
United States District Judge