**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MAJID KHAN,** *et al.***,**  ) | |
|      **Petitioners,**  ) | |
| **v.**  ) | Civil Action No. 06-cv-1690 (RBW) |
| )  | |
| **GEORGE W. BUSH, et al.,**  ) | |
|      *Respondents.*  ) | |

**REPLY IN SUPPORT OF EXPEDITED MOTION FOR STATUS CONFERENCE**

     Petitioner Majid Khan ("Khan"), by his undersigned counsel, submits this Reply in Support of his Expedited Motion for Status Conference, filed on July 20, 2007. Respondents oppose a status conference on the grounds that it would serve no purpose because this Court lacks jurisdiction "to take *any* action in this matter other than to dismiss this case," and further object to Petitioner's request that a status conference be held on an expedited basis. Resps' Opp. to Expedited Mot. for Status Conference, at 1 (emphasis added) (filed July 23, 2007) [dkt. no. 35]. Respondents' arguments are unavailing for several reasons.

     First, Respondents cannot seriously contend that this Court lacks jurisdiction to hold a status conference on pending motions and related issues, including the very question of whether this Court has jurisdiction over this case. Petitioner has properly filed his habeas petition and the question of jurisdiction is currently pending before this Court. Petitioner has also sought limited interim relief, including counsel access (which Respondents represented to the Court nearly nine months ago that they had no intention of denying Petitioner, *see* Resps' Opp. to Expedited Mot. for Emergency Access to Counsel

1

and Entry of Amended Protective Order, at 12 (filed on Oct. 26, 2007) [dkt. no. 6]) and jurisdictional discovery. It is also well-established that this Court has the authority to determine its own jurisdiction and to issue orders in furtherance of that determination, including the limited relief sought by Petitioner here. *See United States v. United Mine Workers of America*, 330 U.S. 258 (1947); *Marshall v. International Brotherhood of Teamsters*, 593 F.2d 1297, 1301 n.16 (D.C. Cir. 1979); *see also* All Writs Act, 28 U.S.C. § 1651.

Moreover, Respondents' jurisdictional argument lacks merit. Respondents' prior reliance on *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), as the basis for the argument that this Court lacks jurisdiction, *see* Resps' Opp. to Renewed Expedited Mot. for Emergency Access to Counsel and Entry of Amended Protective Order, at 1-2 (filed on June 21, 2007) [dkt. no. 30], is misguided for two reasons. First, as Petitioner has previously argued, *see* Petr's Surreply in Opp. to Resps' Mot. to Dismiss, at 7-8 (filed on May 30, 2007) [dkt. no. 28], *Boumediene* is inapplicable here because it does not address jurisdiction over a habeas petition brought by a noncitizen Guantánamo detainee with substantial, voluntary and ongoing connections to the United States. Second, on June 29, 2007, the United States Supreme Court granted certiorari to review *Boumediene*, resulting in further uncertainty concerning the law applicable to habeas petitions by other detainees in Guantánamo. *See Boumediene v. Bush*, Nos. 06-1195 & 06-1196, 2007 WL 1854132 (U.S. June 29, 2007).

In any event, Petitioner seeks a status conference on or before July 30, 2007, to address largely preliminary issues unrelated to the merits, including when Respondents intend to allow Petitioner access to his counsel; the need, if any, to process additional

2

security clearances for Petitioner's counsel in order to facilitate counsel access; the Court's request for a status update concerning Petitioner's medical condition, which Respondents have ignored; and any other matters the Court might deem appropriate.

Finally, the need for an expedited conference is clear. For much of the last year, Petitioner's counsel have attempted to resolve with Respondents' counsel issues such as the processing of any additional security clearances without the need for Court intervention. Those attempts have failed, and thus Petitioner must seek intervention from the Court now. Indeed, Petitioner may not survive without intervention from the Court and his counsel.

Petitioner first requested to meet with his counsel in October 2006, more than nine months ago, and has not obtained a final ruling affording habeas review of his detention or the ability to pursue further relief on appeal. *See* Petr's Expedited Mot. for Emergency Access to Counsel and Entry of Amended Protective Order (filed Oct. 8, 2006) [dkt. no. 2]. During the intervening time, Petitioner has attempted suicide twice this year and has engaged in life-threatening hunger-strikes.[1] Both counsel and Petitioner's family remain deeply concerned about his physical and mental health, as well as the risk that his deteriorating health will compromise Petitioner's ability to pursue his legal rights.

---

[1] *See* Petr's Mot. for Emergency Access to Counsel and Entry of Amended Protective Order, at Ex. A, Verbatim Transcript of Combatant Status Review Tribunal for ISN10020 [Majid Khan] (Unclassified), at pp.22-26 (filed on June 6, 2007) [dkt. no. 29], *available at* http://www.defenselink.mil/news/transcript_ ISN10020.pdf .

**CONCLUSION**

Accordingly, Petitioner's motion for an expedited status conference should be granted.

Date:   July 25, 2007

                                                    Respectfully submitted,

                                                    /s/ Gitanjali S. Gutierrez

                                                    Gitanjali S. Gutierrez
                                                    J. Wells Dixon
                                                    Shayana Kadidal
                                                    CENTER FOR CONSTITUTIONAL
                                                    RIGHTS
                                                    666 Broadway, 7th Floor
                                                    New York, NY 10012
                                                    Tel: (212) 614-6485
                                                    Fax: (212) 614-6499

                                                    *Counsel for Petitioner*