IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE:<br><br>GUANTÁNAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-442 (TFH) |
| MAJID KHAN,<br><br>        Petitioner,<br><br>        v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>        Respondents. | Civil Action No. 06-1690 (RBW) |

**PETITIONER'S STATUS REPORT**

Petitioner Majid Khan, by and through his undersigned counsel, respectfully submits this status report in response to the Court's July 11, 2008 Order.

**Preliminary Statement**

Majid Khan is unique among Guantánamo prisoners. He has long had legal status in the United States. He grew up in the suburbs of Baltimore, Maryland, and has had political asylum in this country since 1998. He graduated from Owings Mills High School in 1999, purchased a home near Baltimore, opened a bank account, and worked for the State of Maryland and Electronic Data Systems. He paid thousands of dollars in taxes to the Internal Revenue Service. His family still resides legally near Baltimore; and some of his family members are U.S. citizens.

In March 2003, Khan was captured and forcibly disappeared by the United States. There is no serious dispute that he was abducted, imprisoned and tortured by U.S. officials at secret overseas "black sites" operated by the Central Intelligence Agency before he was transferred to Guantánamo Bay in September 2006. Nor is there any serious dispute that Khan's detention and interrogation violated U.S. and international law. Khan is not charged with any crime or offense, and is not designated for trial by military commission.

### Khan's Habeas Case

On September 29, 2006, Khan filed the above-captioned habeas case, challenging his detention in military custody. He repeatedly sought access to his counsel in this case, which the government denied because he might possess and transmit to his counsel classified information. In particular, Khan filed three emergency motions for counsel access (dkt. nos. 2, 12, 29), and a motion for a status conference (dkt. no. 34). The Court denied those motions without prejudice and administratively closed the case.

Notably, in denying one of Khan's counsel access motions, the Court "encourage[d] the respondents to medically evaluate Khan to assess his mental and physical health . . . and to file with this Court a report of his condition and whether he is in need of and is receiving treatment for any physical or mental conditions, so that this information can be made available to putative counsel and Khan's family." Nov. 17, 2006 Order at 4 n.4 (dkt. no. 11). But the government never filed such a report with the Court, and Khan's family does not know the state of his mental and physical health, or whether he is receiving any treatment, apart from public disclosures in the redacted transcript of Khan's Combatant Status Review Tribunal proceedings, *see* http://www.defenselink.mil/news/transcript_ISN10020.pdf, at 24 of 39, which indicate that he

2

has been on a hunger strike and tried to commit suicide by chewing through the artery that runs through his elbow.

On June 20, 2008, following the Supreme Court's decision in *Boumediene v. Bush*, No. 06-1195 (U.S. June 12, 2008), the District Court ordered the parties to file a joint status report in this case. The parties filed a joint report on June 27, 2008 (dkt. no. 42) (attached hereto as Ex. 1). Khan also prepared a supplemental status report containing presumptively Top Secret//Sensitive Compartmented Information ("TS//SCI"). But the government refused to consent to disclosure of that supplemental report to the Court absent entry of a protective order; and so Khan lodged the document with the Court Security Office pending further instructions from the government and/or the Court.[1] *See id.*

On July 1, 2008, the Court transferred this case for coordination and management (dkt. no. 43). The Court also administratively reopened the case on July 3, 2008.

### Khan's Detainee Treatment Act Case

With his habeas case effectively stayed, Khan filed a petition for review in the Court of Appeals pursuant to the Detainee Treatment Act ("DTA") on August 14, 2007. He challenged his detention as an "enemy combatant" and preserved all other legal claims including his right to habeas relief. But the government continued to deny him access to his existing counsel for two months.[2] And the government refused to produce the complete "record on review" in that case.

On November 30, 2007, Khan filed a motion in his DTA case to preserve evidence of his torture. He also filed a motion on December 6, 2007, to declare that the interrogation methods

---

[1] The government has not responded to counsel's request to disclose the presumptively classified status report to this Court in connection with this status report. It therefore remains lodged with the Court Security Office.

[2] Khan finally obtained access to his counsel in his DTA case in October 2007; but he still has not been permitted access to counsel in the context of his habeas case.

3

inflicted on him constitute torture. These motions (the "torture papers") are supported by counsel declarations describing Khan's experience in the CIA Torture Program (Declaration of Gitanjali S. Gutierrez) and the imprisonment and torture of other CIA "ghost prisoners" (Declaration of J. Wells Dixon), as well as several statements written directly by Khan.[3] The torture papers are fully briefed and pending before the Court of Appeals.[4]

Also fully briefed and pending before the Court of Appeals is a motion to unseal Khan's torture papers, filed by the *New York Times* and other news organizations on March 6, 2008.[5] In addition, Khan filed a motion to unseal his torture papers on different grounds on May 9, 2008. The government has not responded to that motion on its merits. All four motions have been referred to a merits panel of the Court of Appeals, but no panel has been assigned to the case.[6] It is unclear when that may happen.

In addition, the government has moved to dismiss or hold Khan's DTA case in abeyance pending resolution of the above-captioned habeas case. Khan has objected to dismissal but consented to holding the case in abeyance, subject to the government's agreement to certain conditions including entry of the habeas protective order in this case. The government has

---

[3] The government has notably refused to disclose public versions of the Gutierrez and Dixon Declarations, which, after nearly eight months, is an indisputable violation of the SCI protective order entered in his DTA case. Khan therefore anticipates that he may soon file a motion for contempt before the Court of Appeals.

[4] The Court of Appeals entered an interim preservation order on December 11, 2007, which remains in effect. That order and copies of the torture papers (without exhibits) are attached hereto in redacted form, as Exhibit 2, because the government will not permit their full disclosure to this Court at this time.

[5] That motion is not directed to Khan, and he takes no position on it. The relevant papers are attached hereto, as Exhibit 3, for the Court's convenience.

[6] Khan's motion to unseal and related briefing, as well as the Court of Appeals' referral order, are attached hereto, as Exhibit 4, in redacted form.

consented in part, and objected in part, to the various conditions, and thus the motion remains pending before the Court of Appeals.

### Khan's Present Status

After more than five years of imprisonment and torture, and almost two years after filing the first legal challenge to his detention in federal court, Khan has not had a hearing before the Court of Appeals or the District Court on the merits of his claims. Nor has he received a decision on the merits of a single substantive motion that he has filed. He has not even had a status conference to address the specific issues in his case, which his family in the Baltimore area might attend. No further delay is warranted. *See Boumediene v. Bush*, No. 06-1195, slip op. at 66 (U.S. June 12, 2008) ("[T]he costs of delay can no longer be borne by those who are held in custody.").

Accordingly, Khan requests that this Court schedule a status conference to address the following issues:

1.   Renewal of Khan's motions for counsel access in the context of his habeas case, including his request for entry of the protective order applicable in Guantánamo detainee habeas cases, which specifically contemplates and is fully capable of governing filings that contain presumptively TS//SCI information[7];

2.   A schedule for argument on Khan's counsel access motions, and related issues such as procedures to allow the disclosure of presumptively TS//SCI information to this Court pending litigation and resolution of the protective order issues;

---

[7] A copy of that order is attached hereto as Exhibit 5. Presumptively TS//SCI information has already been filed in at least one habeas case, *Zalita v. Bush*, No. 05-1220 (RMU) (D.D.C.).

5

3.      Transfer of all pending motions filed by Khan in his DTA case to this Court for further briefing, argument and decision, which the government does not oppose subject to the entry of an appropriate protective order; and

4.      The government's refusal to process additional TS//SCI-level security clearance applications for Khan's additional co-counsel.[8]

Khan further notifies the Court that he anticipates there will be substantial, material factual disputes in this case warranting further discovery. In particular, as undersigned counsel have already informed counsel for the government, Khan will seek to serve interrogatories and deposition notices (or subpoenas) on certain current and former senior government officials who may have exculpatory information, if any, concerning him. Khan also will seek to interview other prisoners in U.S. custody.

Finally, Khan requests that representatives from the CIA General Counsel's Office be required to attend all proceedings before the Court in this case, and justify or verify the positions taken on various matters including with respect to entry of a protective order, on the ground that those officials appear to be the decision-makers concerning all aspects of Khan's pending cases.

---

[8] The Court Security Office has authorized undersigned counsel to state that it plays no role in the "need to know" determinations that have been imposed by the government as a limitation on the number of TS//SCI clearances that may be issued in a particular habeas or DTA case.

6

Date:   New York, New York
        July 10, 2008
              17

                    Respectfully submitted,

                    Counsel for Petitioner:

                    _____
                    J. Wells-Dixon (Pursuant to LCvR 83.2(g))
                    Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
                    Shayana D. Kadidal (D.C. Bar No. 454248)
                    CENTER FOR CONSTITUTIONAL RIGHTS
                    666 Broadway, 7th Floor
                    New York, New York 10012
                    Tel: (212) 614-6423

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2008, I caused the foregoing Petitioner's Status Report, with exhibits, to be filed and served on counsel listed below by causing an original and five copies to be delivered to the Court Security Office via overnight mail.

Terry M. Henry, Esq.
Senior Trial Counsel
Civil Division, Federal Programs Branch
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Tel. (202) 514-4107

Counsel for Respondents

_____
J. Wells Dixon

## CORRECTED CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2008, I caused the foregoing Petitioner's Status Report, with exhibits, properly dated July 17, 2008, not July 10, 2008, to be filed and served on counsel listed below by causing an original and five copies to be delivered to the Court Security Office via overnight mail.

Terry M. Henry, Esq.
Senior Trial Counsel
Civil Division, Federal Programs Branch
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Tel. (202) 514-4107

Counsel for Respondents

/s/ J. Wells Dixon
J. Wells Dixon